UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY STORK and BRENDA L. STORK

    Plaintiffs,

  v.

DENNIS DEPPE,

    Defendant.

Case No. 23-cv-2233-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Notice of Removal of this state law action seeking to partition real estate allegedly held by the plaintiffs and the defendant as tenants in common. The action was originally filed in the Circuit Court for the Twenty-Fourth Judicial Circuit, Randolph County, Illinois. The state court defaulted defendant Dennis Deppe, granted the complaint for partition, appointed a commissioner, and ordered the property sold. The state court then vacated the default except as to the appointment of the commissioner and the sale, which is set to occur July 18, 2023. Deppe the filed a Notice of Removal of the partition action (Doc. 2) asserting a number of new claims not articulated in the state court Amended Complaint.

A defendant may remove to federal court a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). In his § 1441 notice of removal Deppe asserts that the Court has original federal question jurisdiction over this matter under 28 U.S.C. § 1331 and original diversity

jurisdiction under 28 U.S.C. § 1332(a).  He also mentions in passing civil rights jurisdiction under 28 U.S.C. § 1343.

The Court sees several problems with its jurisdiction in these circumstances.  In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

The underlying complaint for partition does not allege a cause of action arising under the Constitution, laws or treaties of the United States.  It simply asserts a state law cause of action for partition of real property.  It is true that Deppe asserts several federal constitutional and statutory violations in his Notice of Removal (none of which are properly pled in that kind of document).  However, asserting those federal claims *in response* to the plaintiffs' state law claims does not infuse the complaint with a federal question.  A cause of action "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *accord Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  The plaintiffs' complaint for partition simply is not based on federal law.

Deppe also mentions in passing a civil rights violation that would justify federal jurisdiction under 28 U.S.C. § 1343, but there is no suggestion of a civil rights violation in the

plaintiff's complaint for partition.

As for diversity jurisdiction under 28 U.S.C. § 1332(a), that statute requires complete diversity, that is, that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). A pleading asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. Deppe alleges that he is a resident of Florida, but residency allegations are not enough. He also fails to allege the citizenships of the plaintiffs. While this defect could be cured, and were it the only defect in Deppe's pleading of jurisdiction, the Court would allow him an opportunity to amend his notice. But there is an insurmountable problem with his pleading of diversity jurisdiction, which is described below.

Diversity jurisdiction requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. This requires a defendant to include in the Notice of Removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Deppe appears to rely on the plaintiffs' alleged improper conduct in this case to support the amount in controversy, but the relevant amount must be in controversy *in the underlying state court complaint* at the time of removal. Here, this is likely the value of the real property, or at least Deppe's interest in it. In the Notice of Removal, Deppe values his interest at $50,000,

Notice of Removal Prayer for Relief ¶ 87c (Doc. 2), not enough to reach the required amount in controversy.  In sum, nothing stated in the Notice of Removal plausibly suggests the amount in dispute exceeds $75,000 where Deppe's interest in issue is admittedly only $50,000.

For the foregoing reasons, the Court **REMANDS** this case to the Circuit Court for the Twenty-Fourth Judicial Circuit, Randolph County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  This ruling renders **MOOT** Deppe's motion for leave to use the Court's CM/ECF system (Doc. 4).

**IT IS SO ORDERED.**
**DATED:  July 13, 2023**

                                              s/ J. Phil Gilbert          _
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**